UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM WILLIAMS and MARY WILLIAMS,<br><br>   PlaintiffS,<br><br>   v.<br><br>STATE FARM FIRE & CASUALTY INS. CO. UNITED STATES,<br><br>   Defendant. | HONORABLE JOSEPH H. RODRIGUEZ<br><br>Civil Action No. 16-9028<br><br>OPINION |

This matter is before the Court on Defendant's motion to dismiss the Count Two of the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Court has reviewed the submissions and decides the matter based on the briefs pursuant to Fed. R. Civ. P. 78(b). For the reasons stated here, Defendant's motion will be granted.

Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed.R.Civ.P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, Phillips v. County

1

of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

## Analysis

Plaintiffs allege that Defendant issued a policy of insurance covering their residence located at 2510 Good Intent Road, Woodbury, New Jersey and that they are entitled to coverage for a loss that took place on/or about January 12, 2016. In Count One of their Complaint, Plaintiffs allege that Defendant refused to pay benefits allegedly due and owing to Plaintiffs under the policy and that Defendant breached the insurance policy. In Count Two, Plaintiffs allege that Defendant breached the duty of good faith and fair dealing in processing Plaintiffs' homeowner's claim; Count Two also demands punitive damages.

A claim against an insurer for breach of the implied duty of good faith and fair dealing or a breach of fiduciary duty in the handling of an insured's claim under an insurance contract has been described as a claim for "bad faith." See Pickett v. Lloyd's, 621 A.2d 445, 451 (N.J. 1993) ("Most jurisdictions have characterized a cause of action for bad-faith failure to pay an insured's claim as a tort that arises out of the implied duty of an insurance company to deal fairly and act in good faith in processing the claims of its policyholder."). To establish a bad faith claim for denial of benefits, a plaintiff must show "(1) the insurer lacked a 'fairly debatable' reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim." Ketzner v. John Hancock Mut. Life Ins. Co., 118 Fed. Appx. 594, 599 (3d Cir. 2004). While "the lack of a reasonable basis may be inferred and imputed to an insurance company," there must be allegations of reckless indifference to facts or to proofs submitted by the insured. Pickett, 621 A.2d at 453 (quotations and citations omitted).

Plaintiffs reference a "reckless disregard for the rights of the Plaintiffs" but do so in conclusory fashion, thereby leaving the Court to infer reckless indifference from the fact that Defendant denied coverage; however, the Court declines to make such an inference. Plaintiffs do not

provide sufficient factual allegations to suggest an absence of a reasonable basis on the part of Defendant for denying coverage. The mere allegation that Defendant's denial of coverage inferentially establishes bad faith relies on the very speculation forbidden by Twombly and Iqbal. Accordingly, the Court dismisses Plaintiffs' claim for bad faith without prejudice.

Having determined that Plaintiffs' claim for breach of the duty of good faith and fair dealing is insufficiently pled and therefore is dismissed, the Court need not address whether Plaintiffs are entitled to punitive damages under that claim.

## Conclusion

For these reasons, Defendant's motion to dismiss Count Two of the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim will be granted. An appropriate Order will be entered.

Date:  April 3, 2017

                                                 /s/ Joseph H. Rodriguez
                                                 JOSEPH H. RODRIGUEZ
                                          UNITED STATES DISTRICT JUDGE